# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID MOORE d/b/a MOORE FAMILY FARMS, et al., | Case No. 0:20-cv-00252 (PJS/HB) |
| Plaintiffs, | |
| vs. | |
| C.H. ROBINSON WORLDWIDE, INC., *et al.*, | |
| Defendants. | |
| TERRY LUSK, JASON LUSK, and JUSTIN LUSK, individually and d/b/a JTJ FARMS, *et al.*, individually and on behalf of all others similarly situated, | Case No. 0:20-cv-00879 (PJS/HB) |
| Plaintiffs, | |
| vs. | |
| C.H. ROBINSON WORLDWIDE, INC., *et al.*, | |
| Defendants. | |

# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR LEAVE TO FILE
# FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs in Case No. 0:20-cv-00879 (PJS/HB) ("Class Action") matter move this Court for an Order pursuant to FED. R. CIV. P. 15(a)(2) granting them leave to file an amended complaint.

## I. INTRODUCTION

Plaintiffs' proposed First Amended Class Action Complaint ("FAC") would (*i*) make changes to the party plaintiffs and (*ii*) include punitive damages

as part of the relief sought. The proposed FAC and a document reflecting the changes the FAC would make to the Complaint are attached as Exhibits A and B to this Memorandum.

Regarding the parties, the FAC would remove three Plaintiffs. They are Terry Lusk, Jason Lusk and Jason Lusk who transact business as JTJ Farms. They are removed because they have dismissed their claims. [Doc. 45.] The FAC would add twelve plaintiffs. They are:

BG Catlin Enterprises, LLC

Glory Produce, Inc.

Hoosier Melons, LLC

Melon Acres, Inc.

Central Florida Fruit Sales, LLC d/b/a Sanway Farms, Inc.

Shore Sweet Growers, LLC

SK Enterprises of North Florida, Inc.

Wainwright Brothers Farms, LLC

Wilson Lee Farms

Bowles Farming Company, Inc.

Bonne Idee Produce, LLC

    Kevin Coggins d/b/a MEK Farms

The FAC alleges that, while acting as each Plaintiff's agent pursuant to written agreements, Defendants engaged in self-dealing and concealment of material facts in breach of its fiduciary duties arising from their agency relationship. Punitive damages are available to parties in a contractual relationship when the breaching party breaches its fiduciary duties.

Erring on the side of caution in light of Minnesota's gatekeeping statute on punitive damages, Plaintiffs did not request punitive damages in their Complaint [Doc. 1]; instead, giving heed to the statutory practice, Plaintiffs gave notice of their intent to seek leave to amend. [*Id.* at ¶9.] Plaintiffs now move to amend their Complaint to include punitive damages along with the relief previously demanded.

## II.   PROCEDURAL HISTORY

On April 3, 2020, four Plaintiffs commenced this action by filed their Class Action Complaint. [Doc. 1.]

On May 15, 2020, the Court entered an Order appointing the Honorable Richard B. Solum (ret.) as Special Master pursuant to FED. R. CIV. P. 53. [Doc. 18.] On the same day, the Court entered a nearly identical Order in *Moore v. C.H. Robinson Worldwide, Inc.*, Case No. 20-cv-0252 (PJS/HB), as Doc. 94.

On June 4, 2020, Defendants filed a motion to strike and dismiss the Complaint. [Docs. 22.] On July 28, 2020, the Court entered an Order. [Doc. 40.] The Order adopted the Report and Recommendation of the Special Master and denied Defendants' motion. [*Id.*]

On July 28, 2020, the Court entered a second Order. [Doc. 41.] The Order adopted the Report and Recommendation of the Special Master and consolidated this case with *Moore* "for all pretrial purposes" except for "class certification and related class matters."

On August 26, 2020, the Special Master entered a Scheduling and Case Management Order. [*Moore* Doc. 126.] Among other things, the Order provided, "All motion that seek to amend the pleadings or join/add parties, together with supporting documents, must be filed and served on or before **September 1, 2020**." [*Id.*]

### III. STATEMENT OF FACTS

Plaintiffs incorporate by reference the allegations in the FAC.

The Parties' dispute includes allegations of an agency relationship between Defendant and each Plaintiff memorialized in a written Agreement and that the operative provisions in each Agreement is substantively the same for each Plaintiff and each member of the Class.

Each Plaintiff is a farmer. Under the Agreements, each Plaintiff appointed Defendants as its exclusive sales agent for the sale of specified fresh produce. The Agreements granted Defendants complete control over the terms it negotiated for the sale of the produce. Defendants also collected the proceeds from each sale and were to distribute them in accordance with the Agreement. In addition, Defendants were to account to the farmer for entire proceeds.

In consideration for arranging the sale as each farmer's agent, the Agreements provided for a sales commission computed as a percentage of the "FOB" sales price. Depending on the sale terms, the FOB sales price is either stated in the sales terms or, when the buyer agrees to a price which includes delivery, computed to reflect the price for the produce at the farm. Thus, whether the FOB price is negotiated or computed, it represents the price for the produce excluding any transportation charges.

Plaintiffs allege Defendants hired the carrier to transport the produce from the farm to the buyer. Plaintiffs allege Defendants routinely reported to the farmer an amount for freight reduction for freight in an amount more than the amount Defendants actually paid the carrier. Defendants then kept the difference without disclosing these facts to the farmer.

Under the terms of the Agreements, Defendants are entrusted with negotiating the terms of each sale. The two most common sales are called a "delivered sale" and an "FOB sale."

In a delivered sale, the customer agrees to a price which includes delivering the produce to the customer's location. In a delivered sale, the FOB price must be calculated by deducting the transportation costs.

In an FOB sale, the customer agrees to two prices: one for the produce (*i.e.*, the FOB price), and one for transporting the produce to the customer. A rational buyer customer does not agree to one price without first knowing both prices. Knowing both prices, a customer can readily calculate what is, in effect, the delivered price.

Thus, in both a delivered sale and an FOB sale there is a tension between the transportation price and the FOB price. Artificially increasing one price will necessarily raise the pressure to decrease the other price. Thus, when Defendants increase the transportation price, they cause the FOB price to decrease. Because Defendants keep 100% of every dollar they add to the freight charge but only their commission rate on every dollar they add to the FOB price, they have an incentive to inflate the freight charge.

Defendants manage their produce distribution business—which they call Robinson Fresh—using a commercially-available software program known as Famous. Using Famous, Defendants generate reports to farmers disclosing the distribution of sales proceeds. Defendants' reports to farmers do not disclose to the farmer the amount paid to the carrier for freight. Instead, the reports report the freight charge as the amount Defendants choose to charge for freight.

Defendants manage their freight logistics business using a proprietary software known as Navisphere. Using Navisphere, Defendants maintain records which includes the amount Defendants charged for freight and the amount Defendants paid the carrier for freight. Defendants did not provide farmers with reports generated through Navisphere and they did not provide farmers with any information retrievable using Navisphere except to the extent the same information was separately maintained in and retrievable using Famous.

Plaintiffs assert that, based on the agency relationship between Defendants and each farmer created under the Agreements, Defendants owed each farmer fiduciary duties of honesty and loyalty. Plaintiffs claim the foregoing facts, if proven, constitute Defendants' breach of those fiduciary duties which, under Minnesota law, entitle Plaintiffs to recovery punitive damages.

## IV. LEGAL ARGUMENTS

**Plaintiffs' Proposed First Amended Class Action Complaint Alleges Plausible Claims for Defendant's Breach of Fiduciary Duties for which Plaintiffs May Recover Punitive Damages.**

Plaintiffs' FAC alleges Defendant's breach of fiduciary duties and, under applicable law, punitive damages may be recovered. Therefore, Plaintiffs' Motion for leave to amend to request punitive damages should be granted.

### A. Standard of Review

Under FED. R. CIV. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Here, Defendants do not consent to Plaintiff's FAC based on its inclusion of punitive damages in the relief sought as well as allegations in further support of punitive damages. Hence, Plaintiff's seek the Court's leave. The Rule informs that leave should be "freely given" "when justice so requires."

Under the Rule 15(a)(2) standard, a court should default in favor of granting leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, "a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)

(citing *Foman*); *Brinkman v. Bank of Am., N.A.*, 914 F. Supp. 2d 984, 1001 (D. Minn. 2012), *aff'd sub nom. Welk v. Bank of Am., N.A.*, 515 F. App'x 640 (8th Cir. 2013).

Plaintiffs know of no undue delay, bad faith, futility, or unfair prejudice. Absent a showing by Defendants to the contrary, the Court may grant this Motion.

### B. The Standard Under Rule 15(a)(2) Applies—Not the Minnesota Gatekeeping Statute.

Minn. Stat. § 549.191 prohibits a plaintiff from seeking punitive damages in the complaint which commences a civil action.[1] Under this "gatekeeping

---

[1] Minn. Stat. § 549.191 provides:

> Upon commencement of a civil action, the complaint must not seek punitive damages. After filing the suit a party may make a motion to amend the pleadings to claim punitive damages. The motion must allege the applicable legal basis under section 549.20 or other law for awarding punitive damages in the action and must be accompanied by one or more affidavits showing the factual basis for the claim. At the hearing on the motion, if the court finds prima facie evidence in support of the motion, the court shall grant the moving party permission to amend the pleadings to claim punitive damages. For purposes of tolling the statute of limitations, pleadings amended under this section relate back to the time the action was commenced.

statute," the plaintiff must subsequently move to amend the complaint to claim punitive damages. *Ramirez v. AMPS Staffing, Inc.*, No. CV 17-5107 (DWF/BRT), 2018 WL 1990031, at *3 (D. Minn. Apr. 27, 2018).

This District's application of the Minnesota statute has not been entirely consistent. Concluding that the statute was procedural and not outcome determinative, Judge Alsop denied a motion to dismiss an initial complaint which, contravening the statute, included a prayer for punitive damages. *Jacobs v. Pickands Mather & Co.*, No. 5-87-CIV 49, 1987 WL 47387 (D. Minn. Aug. 24, 1987). Without citing *Jacobs*, Judge Devitt struck the plaintiff's prayer for punitive damages under similar circumstances. *Fournier v. Marigold Foods, Inc.*, 678 F. Supp. 1420 (D. Minn. 1988). Citing three decisions which followed *Fournier*, Judge Alsop recanted. *Sec. Sav. Bank v. Green Tree Acceptance, Inc.*, 739 F. Supp. 1342 (D. Minn. 1990).

Twenty-seven years late, Judge Noel questioned the continued validity of applying the state statute. *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 2017 WL 5187832 (D. Minn. July 27, 2017).

In *Shank v. Carleton Coll.*, No. 16-CV-1154 (PJS/HB), 2018 WL 4961472, at *4 (D. Minn. Oct. 15, 2018), *aff'd*, 329 F.R.D. 610 (D. Minn. 2019), the Court considered Judge Noels' *Bair Hugger* decision as well as other similar decisions

and explained, "Having carefully reviewed the issue and the recent cases, the Court concludes that the proper standard to apply is Rule 15 of the Federal Rules of Civil Procedure and not Minnesota Statutes § 549.191." Thus, under *Shank*, the only issue is whether Plaintiffs alleged a claim for which punitive damages can be recovered and not any other issue relevant to § 549.191.

In *Benner v. St. Paul Pub. Sch., I.S.D. #625*, 380 F. Supp. 3d 869 (D. Minn. 2019), the court drew a distinction based on the how the court obtained jurisdiction over the claim for which punitive damages may be recovered. *Benner* observed that § 549.191 had never been applied in this District when the claim arises under the court's supplemental jurisdiction. Here, subject matter jurisdiction arises under 28 U.S.C. § 1331 because Plaintiffs assert claims arising under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a, *et seq.* and, therefore, the state law breach of fiduciary duties claims for which Plaintiffs seek to recover punitive damages falls with the Court's diversity jurisdiction.

### C. Punitive Damages Are Recoverable for Breach of Fiduciary Duties.

A plaintiff may recover punitive damages when the defendant's conduct breaches the fiduciary duties it owes to the plaintiff. *Minnesota Timber Producers Associations, Inc. v. Am. Mut. Ins. Co. of Bos.*, 766 F.2d 1261, 1267 (8th Cir. 1985).

Here, Defendants' fiduciary duties arise from their agency relationship with each farmer including each Plaintiff. In Minnesota, agency law generally follows the Restatement (Second) of Agency. *Lee v. Peoples Co-op. Sales Agency*, 276 N.W. 214, 216 (Minn. 1937); *see*, *Klawitter v. Billick*, 242 N.W.2d 588, 592 (Minn. 1976).

"The existence of an agency relationship is a question of fact." *Jurek v. Thompson*, 308 Minn. 191, 197, 241 N.W.2d 788, 791 (1976). *Jurek* quoted the Restatement's definition:

> Agency is the *fiduciary relation* which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.

Restat. 2d of Agency, § 1 (emphasis added).

Here, the Agreements expressly manifested the relationship between each Plaintiff and Defendant with Defendant acting as each Plaintiff's exclusive agent in the sale of the "Products" described in each Agreement. FAC ¶¶78–79. The Agreements, drafted by Defendant, establish the Plaintiffs' consent that Defendant act on their behalf to sell the consigned "Products."

As explained in Comment a. to Restat 2d of Agency, § 13:

> The agreement to act on behalf of the principal causes the agent to be a fiduciary, that is, a person having a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with his undertaking. Among the agent's fiduciary duties to the principal is the duty to account for profits arising out of the employment, the duty not to act as, or on account of, an adverse party without the principal's consent, the duty not to compete with the principal on his own account or for another in matters relating to the subject matter of the agency, and the duty to deal fairly with the principal in all transactions between them.

Under Minnesota law, agency creates a fiduciary relationship. *A. Gay Jensen Farms Co. v. Cargill, Inc.* 309 N.W.2d 285 (1981). An agent owes its principal a fiduciary duty. *See*, *Carlson v. Carlson*, 363 N.W.2d 803 (Minn. App. 1985); *Handy v. Garmaker*, 324 N.W. 23 168, 182 (Minn. 1982). Further, an agent may not make a profit from self-dealing without full disclosure and consent of the principal. *Dahl v. Charles Schwab & Co.*, 545 N.W.2d 918, 925 (1996).

The Restatement (2d) Agency states these applicable rules:

[§ 13.]  An agent is a fiduciary with respect to matters within the scope of his agency.

[§ 387.]  Unless otherwise agreed, an agent is subject to a duty to his principal to act solely for the benefit of the principal in all matters connected with his agency.

[§ 424.]   Unless otherwise agreed, an agent employed to buy or to sell is subject to a duty to the principal, within the limits set by the principal's directions, to be loyal to the principal's interests and to use reasonable care to obtain terms which best satisfy the manifested purposes of the principal.

[§ 424.]   Unless otherwise agreed, an agent employed to buy or to sell is subject to a duty to the principal, within the limits set by the principal's directions, to be loyal to the principal's interests and to use reasonable care to obtain terms which best satisfy the manifested purposes of the principal.

[§ 382.]   Unless otherwise agreed, an agent is subject to a duty to keep, and render to his principal, an account of money or other things which he has received or paid out on behalf of the principal.

[§ 388.]   Unless otherwise agreed, an agent who makes a profit in connection with transactions conducted by him on behalf of the principal is under a duty to give such profit to the principal.

Minnesota law provides that a pleading of a breach of a fiduciary relationship will support a claim for punitive damages. *Coy v. No Limits Education and Athletic Development, Inc.*, 2016 WL 7888047 (D. Minn. 2016), citing *Evans v. Blesi*, 345 N.W.2d 775, 781 (Minn. Ct. App. 1984) and *McGrath v. MICO, Inc.*, Nos. A11–1087, A11–1109, A12–0093, 2012 WL 6097116, at *12 (Minn. Ct. App. Dec. 10, 2012).

In addition to the self-dealing alleged in the FAC and summarized in the Statement of Facts, Defendant withheld the information about those transactions from Plaintiffs by maintaining two sets of books and only providing Plaintiffs with transactional reports from one set. FAC ¶99–105. Defendants did this despite the high standards set in its published Code of Conduct for Plaintiffs and Code of Ethics for employees. *Id.* ¶¶93–98.

Based on the facts alleged in the FAC, Plaintiffs have alleged that Defendants breached fiduciary duties which they owed to each farmer for which they may recover punitive damages. Therefore, unless Defendants can establish undue delay, bad faith, futility, or unfair prejudice, leave ought to be granted allowing Plaintiffs to file their FAC.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs request leave to file their First Amended Class Action Complaint to add parties and to plead a claim for punitive damages.

Respectfully submitted,

Dated: September 1, 2020         */s/ Craig A. Stokes*
Craig A. Stokes (MN Attorney ID # 0390849)
STOKES LAW OFFICE LLP
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
Telephone: (210) 804-0011

Email: cstokes@stokeslawofffice.com

Philip D. Stern (NJ Attorney ID # 045921984)
Andrew T. Thomasson (NJ Attorney ID # 048362011)
Francis R. Greene (IL Attorney ID # 6272313)
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
E-Mail: Philip@SternThomasson.com
E-Mail: Andrew@SternThomasson.com
E-Mail: Francis@SternThomasson.com

Robert A. Pollom (TX Attorney ID # 24041703)
THE LAW OFFICES OF ROBERT A. POLLOM, LLC
16500 San Pedro Avenue, 3rd Floor
San Antonio, TX 78232
Telephone: (210) 490-4357
E-Mail: Robert@krwlawyers.com

*Attorneys for Plaintiffs*