UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID MOORE d/b/a MOORE FAMILY FARMS, *et al.*, | Case No.: 20-cv-252 (PJS/HB) |
| Plaintiffs, | |
| v. | |
| C.H. ROBINSON WORLDWIDE, INC. *et al.*, | |
| Defendants. | |
| TERRY LUSK, JASON LUSK, and JUSTIN LUSK, individually and d/b/a JTJ FARMS, *et al.*, | Case No.: 20-cv-879 (PJS/HB) |
| Plaintiffs, | |
| v. | |
| C.H. ROBINSON WORLDWIDE, INC. *et al.*, | |
| Defendants. | |

**ORDER REGARDING DISCOVERY UNAVAILABILITY OF PREVIOUSLY
AVAILABLE DOCUMENTS, MATERIALS OR INFORMATION**

On July 9, 2020, an Order on Discovery Disputes (*see Moore*, ECF 118) was entered, such order requiring the parties to produce certain documents, materials and information. At the status conference on August 31, 2020, there was a discussion concerning the possible unavailability of earlier available documents (namely earlier deleted emails of three plaintiffs), and the need for a related order. Written email submissions in respect to such order were made by the parties. A draft order was prepared and circulated among counsel, after which further written email submissions were made. On the submissions of counsel and the files and proceedings herein, the undersigned enters the following order:

1. The parties in the above cases, including any newly joined parties, shall preserve all documents, materials and information (including electronically stored information) as required by law. This ordering clause 1 is without

prejudice to any claim that a party, prior to and independent of this order, was required to preserve documents, material and information.

2. As part of any past or future response to any discovery requests, all parties (including any recently joined or added party), to the extent reasonably practicable, shall identify any document, material or information (including electronically stored information) that at any time was, but at the time of the response was not, available, including (a) the nature of the document, material or information, (b) the reason the same became unavailable, and (c) the best known date or approximate date on or after which the same became unavailable. Any response prior to the date hereof shall within five business days be supplemented to contain any identification(s) required by this paragraph 2.

3. The orders above are without prejudice as to whether any related remedies are or are not available as to any past, existing or future spoliation-related issues.

4. The obligations set out in this order are subject to the supplement obligations of Rule 26(e).

5. The following Memorandum is a part of this order.

Dated: September 9, 2020.

*Richard B. Solum*
Rule 53 Master

**MEMORANDUM**

<u>Introduction</u>:  The issues concerning responses to requested discovery of evidence unavailable at the time of the response, but earlier available, was the subject of discussion during the status conference of August 31, 2020.  The discussion resulted from an indication that three plaintiffs had customarily deleted emails which later became the subject of a discovery request or order.  At the conference it was decided that some related order be entered, and both sides made email submissions.  Thereafter, I produced a draft of an order which was circulated, and about which both sides submitted argument.  This Memorandum is in reference to such submissions and the changes in the draft which resulted in the above order.

It should be noted that there have been no motions for spoliation remedies or sanctions, and the above order is unrelated to any such possible motions. The undersigned was and is unaware as to the detail concerning the parties' preservation efforts, and also is unaware as to the degree to which either side is able to appreciate whether any unproduced documents were but no longer are available.

<u>Draft paragraph 1</u>:  This draft paragraph simply orders preservation as seemingly required by the law, but to avoid any argument as to whether the wording aligned with the law, the order has been changed to simply require obedience to the law, it being without prejudice to earlier preservation issues.

<u>Draft paragraph 3</u>:  This draft paragraph merely states that the order is without prejudice to any further remedial efforts concerning spoliation, and it did not appear that there was (or could be) any specific dispute as to this paragraph.   It remains essentially as drafted.

<u>Draft paragraph 4</u>:  Both sides have expressed concerns about this draft paragraph, which paragraph required both to share information concerning past preservation efforts.  I have agreed with defendants that the order, to the extent of this paragraph 4, should not be applicable to them, as there has been no showing of their failure to produce previously but no longer available material.[1]   I have also been influenced by the Georgia case of *Edelen v.*

---

[1]  The earlier availability of documents no longer available, however, often can be unknown between the parties. Rule 34(b)(2) may not require information concerning requested documents which have become unavailable, and parties may assume that if a requested document is not provided and no further information is given, that such document simply does not exist—inferentially but perhaps wrongly assuming that such a document never existed.  There may be a question whether a lawyer,

3

*Campbell Soup* cited by defendants.² In addition, I share some of plaintiffs' concern that paragraph 4 could invade lawyer-client communications concerning preservation advice to clients. Finally, the debate concerning "preservation dates" has relevance only if spoliation remedies are sought. In short, I appreciate all counsels' input, and am persuaded that draft paragraph 4 should be removed from the order, as its requirements are premature and may or may not be the subject of future spoliation proceedings. After the obligations under paragraph 2 are fulfilled, the parties will be in a position to better understand what if any additional spoliation-related inquiries or proceedings may be necessary   all of which inquiries or proceedings are not prejudiced by the above order as noted in paragraph 3.

Draft paragraph 2:  Defendants argue that the order should apply only to plaintiffs as the parties about which there is evidence of earlier deleted, and thus current unavailability of, certain emails. Uncertain is whether this argument is in respect to draft paragraph 2 (as opposed to paragraph 4 discussed above), as the paragraph 2 requirements only affect defendants if they like plaintiffs are not producing requested materials which are currently, but not earlier, unavailable.³ As to defendants' concern that any order should not be limited

---

under both ethical rules (including Rule 3.4) or procedural rules (including Rule 26(g) and 34(b)(2) has an obligation to disclose that a non-produced requested document once was, but no longer is, available—particularly if objections imply that such non-produced document is in existence but is being withheld pursuant to such objections. In any event, had this issue been raised in the recent Rule 16/Scheduling conference, the above order could have been part of the August 22 ᵈ Order. (Rule 16, of course, invites consideration and appropriate orders in respect to "controlling . . . discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37.")

² *Edelen* was a case in which plaintiffs sought to take a 30b(6) deposition of a corporate defendant on the topic of defendant's "actions or efforts to preserve information, documents or other evidence relating to Plaintiff's claims." The magistrate judge was affirmed in holding that this deposition was premature as there had been no showing of spoliation. Here, as noted above, I have been persuaded to drop that part of the proposed order to which *Edelen* (a Georgia case) seemingly applies, namely paragraph 4 seeking information concerning the parties' past preservation efforts. *Edelen* would have no bearing on paragraph 2 of the proposed order, as paragraph 2 does not seek information concerning preservation efforts and, again, imposes no requirement on either party to the extent such party is not failing to produce documents which were once but are no longer available.

³ Paragraph 2 imposes a duty only on a party who fails to produce currently unavailable but previously available material. So to the extent defendants have not failed to produce a requested document because the same is not now, but was in the past, available, the order does not require anything of them. Stated differently, if defendants have not so failed to produce, paragraph 2's requirement, as defendants suggest, imposes a requirement only on plaintiffs as to their acknowledged inability to produce previously but no longer available emails. Of course, if defendants are not producing requested documents no longer but

4

to Rule 34, the concern is well taken, and the above order is not so limited. As to plaintiffs' concern that identifying precise emails and the dates on which a given email no longer was available because it was deleted may be a practical impossibility, I have changed the language from "fullest extent possible" to a more practical requirement.

Finally, defendants have suggested an edit in paragraph 2 to limit the provision to discovery respecting the "produce season" subject to a complaint. But this order is not about whether a discovery request is beyond the scope, as paragraph 2 simply provides a requirement respecting a "response" to a "discovery request." Whether any particular discovery request respecting a produce season other than a season subject to a complaint is or is not relevant (is or is not outside the scope of discovery or Rule 26b), is not at issue here. For now, the order simply assures each side the other's full "response" concerning any non-produced unavailable, but earlier available, documents which have been the subject of the "discovery request." Any debate as to whether any request is overly broad because the requested material is outside of the scope of discovery is not presently before me.

RBS

---

earlier available, then the requirement does, and should, apply to them—in which case defendants and plaintiffs both could be subject to unavailability issues.