UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JMR FARMS, INC.; MELON ACRES, INC.; CENTRAL FLORIDA FRUIT SALES, LLC, d/b/a Sanway Farms, Inc.; KEVIN COGGINS, d/b/a MEK Farms; HOOSIER MELONS, LLC; SHORE SWEET GROWERS, LLC; BONNE IDEE PRODUCE, LLC; BOWLES FARMING COMPANY, INC.; WAINWRIGHT BROTHERS FARMS, LLC; GLORY PRODUCE, INC.; and SK ENTERPRISES OF NORTH FLORIDA, INC., individually and on behalf of all others similarly situated, | Case No. 20-CV-0879 (PJS/ECW) |
| Plaintiffs, | |
| v. | ORDER |
| C.H. ROBINSON WORLDWIDE, INC.; C.H. ROBINSON COMPANY, INC.; and C.H. ROBINSON COMPANY, | |
| Defendants. | |

Francisco Guerra, IV, Mark Fassold, and Jennifer A. Neal, GUERRA LLP; Richard M. Paul III and Laura C. Fellows, PAUL LLP; Craig A. Stokes, STOKES LAW OFFICE LLP; Robert A. Pollom, THE LAW OFFICES OF ROBERT A. POLLOM, PLLC, for plaintiffs.

Mark W. Wallin, Benjamin S. Perry, and Sarah E. Brown, BARNES & THORNBURG, LLP; Patrick J. Rooney and Bradley R. Hutter, FAFINSKI MARK & JOHNSON, P.A., for defendants.

Plaintiffs ("Growers") brought this action against defendants C.H. Robinson Worldwide, Inc., C.H. Robinson Company, Inc., and C.H. Robinson Company (collectively, "CHR"), alleging violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., and breaches of fiduciary duty.  The Court recently granted CHR's motion for summary judgment as to the PACA claims but denied it as to the fiduciary-duty claims.  ECF No. 247.

The parties have since notified the Court that they disagree about the scope of the Court's summary-judgment order.  In particular, Growers contend that the Court's order fully resolves the issues of the existence and breach of CHR's fiduciary duties and the only remaining issue to be tried is damages.  For its part, CHR contends that the Court merely declined to enter summary judgment in its favor on the fiduciary-duty claim, leaving the issues of the existence and breach of any fiduciary duty to be tried.  Alternatively, CHR contends that the Court's order violates Fed. R. Civ. P. 56(f) because Growers did not move for summary judgment, and CHR was not given adequate notice that the Court might resolve these issues against CHR as a matter of law.  *See* Fed. R. Civ. P. 56(f) (requiring a court to give "notice and a reasonable time to respond" before granting summary judgment in a nonmovant's favor).

Growers are correct that the Court found, as a matter of law, both that CHR owed fiduciary duties to Growers and that CHR breached them.  The Court's order is

quite clear on these points. *See* ECF No. 247 at 15 ("[T]he Court concludes that CHR was Growers' agent with respect to the delivered-sales transactions and therefore owed fiduciary duties to Growers, including the 'duty to disclose any material matter bearing upon the [agent's] duty to represent the [principal] with undivided loyalty.'" (quoting *Rice v. Perl*, 320 N.W.2d 407, 410 (Minn. 1982))); *id.* at 16 ("Under Minnesota law, CHR clearly breached a fiduciary duty to Growers."); *id.* at 21 ("[T]he only issue that remains to be resolved is what portion of CHR's sales commissions earned from delivered-sales transactions should be forfeited under the *Perl III* factors.").

With respect to CHR's argument that granting summary judgment to Growers violated Rule 56(f):  When a party has moved for summary judgment on an issue and has had a full and fair opportunity to develop the record and be heard on that issue, a court may sua sponte grant summary judgment to the nonmoving party on that issue. *See Barkley, Inc. v. Gabriel Bros., Inc.*, 829 F.3d 1030, 1041 (8th Cir. 2016) (holding that moving party had adequate notice that issue could be resolved against it because moving party raised the issue in a motion for summary judgment and the parties fully litigated it); *Johnson v. Bismarck Pub. Sch. Dist.*, 949 F.2d 1000, 1004–05 (8th Cir. 1991) (same); *Darmer v. State Farm Fire & Cas. Co.*, 611 F. Supp. 3d 726, 738 (D. Minn. 2020) ("The requirements of Rule 56(f) are met when the losing party moves for summary judgment on the relevant issue, because that party 'obviously expect[s] the district court

to make a final ruling' and agrees to resolution of the issue 'in summary fashion.'" (quoting *Johnson*, 949 F.2d at 1005)).

Under these standards, the Court's ruling that CHR owed fiduciary duties to Growers fully complied with Rule 56(f). CHR moved for summary judgment that it did not owe Growers any fiduciary duties. Applying the factors in *Jurek v. Thompson*, 241 N.W.2d 788 (Minn. 1976), the Court concluded, as a matter of law, that CHR was Growers' agent with respect to the delivered-sale transactions and therefore owed fiduciary duties to Growers. ECF No. 247 at 8–15. Both parties discussed *Jurek* in their summary-judgment briefing, and Growers specifically argued that, under *Jurek*, CHR was a fiduciary as a matter of law and that the relevant facts were undisputed. *See* ECF No. 233 at 49–52. Moreover, CHR was well aware, long before it moved for summary judgment, that Growers did not intend to offer individualized evidence to prove that CHR owed each of them fiduciary duties. ECF No. 213 at 69–70 (plaintiffs' counsel, at March 2024 class-certification hearing, explaining that he did not intend to offer individualized evidence on the issue of the existence of fiduciary duties). The Court therefore rejects CHR's argument that the Court improperly ruled as a matter of law in Growers' favor on the issue of the existence of fiduciary duties.[1]

---

[1] To the extent CHR argues that the Court's order is wrong on the merits, *see, e.g.*, ECF No. 265 at 9 (arguing that the existence of a fiduciary duty is a fact-intensive issue not appropriate for resolution on summary judgment), CHR is seeking reconsideration

(continued...)

The Court finds otherwise, however, with respect to its ruling on breach. The Court procedurally erred in finding, as a matter of law, that CHR breached its fiduciary duties, as CHR did not move for judgment in its favor on that issue. Moreover, CHR could not have known that the Court would reconsider its view that the Growers had to show that they bore the economic burden as to the entirety of their fiduciary-duty claim. CHR also contends that it has evidence that the Growers knew that CHR made a profit off of freight. Such evidence may result in a verdict in CHR's favor on Growers' claims for breach of fiduciary duty. *See* ECF No. 247 at 17 n.3 (noting that "CHR could have avoided any breach by simply *disclosing* its profits on freight to Growers, which disclosure would have allowed Growers to decide for themselves whether to continue to engage in delivered-sale transactions or whether to choose a different sales agent."). This issue will have to be tried.

---

[1](...continued)
of the Court's order without following the requirements of the Local Rules. *See* D. Minn. LR 7.1(j).

In addition, to cut off another apparently brewing dispute, the Court notes that it is puzzled by CHR's contention that the issue of causation remains live. The Court clearly ruled that, under Minnesota law, Growers do not need to show that they were harmed by any breach of fiduciary duty in order to recover the commissions that they paid to CHR. *See* ECF No. 247 at 18–21. Because Growers do not need to show *any* harm, Growers obviously do not need to show *causation* of harm.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion for clarification [ECF No. 261] is GRANTED IN PART and DENIED IN PART.

2. The motion is GRANTED as to the Court's finding, in ECF No. 247, that defendants breached their fiduciary duties.  The Court CLARIFIES that the issue of whether defendants breached their fiduciary duties will have to be tried.

3. The Court further CLARIFIES that it has ruled, as a matter of law, that "CHR was Growers' agent with respect to the delivered-sales transactions and therefore owed fiduciary duties to Growers, including the duty to disclose any material matter bearing upon the agent's duty to represent the principal with undivided loyalty."  ECF No. 247 at 15 (cleaned up).

4. The motion is DENIED in all other respects.

5. The Clerk of Court is DIRECTED to terminate Central Florida Fruit Sales, LLC, as a plaintiff and replace it with Sanway Farms, Inc.  *See* ECF No. 245 at 42–43, 49–50; ECF No. 247 at 2 n.1.

Dated:  December 31, 2025               /s/ Patrick J. Schiltz
                                        Patrick J. Schiltz, Chief Judge
                                        United States District Court